IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 21-cv-02581-PAB

MPG ENDEAVORS LLC,

    Petitioner,

v.

TYGRIS MEDICAL LLC,

    Respondent.

## SECOND ORDER TO SHOW CAUSE

This matter is before the Court on Petitioner's Response to Order to Show Cause [ECF #8] [Docket No. 10]. The Court issued an order to show cause on November 22, 2021 because it found that the allegations in the Verified Motion to Confirm Arbitration Award, Docket No. 1, were insufficient for the Court to determine whether or not it had subject matter jurisdiction. Docket No. 8 at 6.

The motion to confirm the arbitration award stated that petitioner is a "limited liability company organized under the laws of New York, with a principal place of business in Elma, New York. MPG is a single-member entity and its only member, Mary Pat Gallivan is and at relevant times has been a resident of Erie County, New York." Docket No. 1 at 1, ¶ 2. The Court found that, although the motion identified petitioner's sole member, *see Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1237–38 (10th Cir. 2015) ("[I]n determining the citizenship of an unincorporated association for purposes of diversity, federal courts must include all the entities'

members."), it equated Ms. Gallivan's residency with her citizenship. Docket No. 8 at 4 (citing *Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972) ("[A]llegations of mere 'residence' may not be equated with 'citizenship' for the purposes of establishing diversity.")).

In response, petitioner states that Ms. Gallivan has resided in New York for 59 years and has been a registered voter there for 41 years. Docket No. 10 at 3–4. This is sufficient to establish Ms. Gallivan's citizenship and that of petitioner, and the Court will discharge the order to show cause as to petitioner. *See Dumas v. Warner Literary Grp., LLC*, No. 16-cv-00518-RM-NYW, 2016 WL 10879185, at *2 (D. Colo. Apr. 29, 2016) (stating that courts consider a number of factors in determining a party's citizenship, including "voter registration and voting practices").

Petitioner's response as to respondent, however, remains insufficient. The motion to confirm the arbitration award states, "[u]pon information and belief, Tygris is a limited liability company organized under the laws of Colorado with a principal place of business located at 10585 Pearlwood Circle, Highlands Ranch, Colorado 80126. Upon information and belief Tygris is owned by two members, one who at all relevant times has been an Illinois resident and the other who at all relevant times has been a Colorado resident." Docket No. 1 at 1–2, ¶ 3. The Court found these allegations insufficient to establish respondent's citizenship principally because petitioner did not identify respondent's members. Docket No. 8 at 5 (citing *Siloam Springs*, 781 F.3d at 1237–38; *Den 8888, LLC v. Navajo Express, Inc.*, No. 21-cv-00321-STV, 2021 WL 463623, at *3 (D. Colo. Feb. 9, 2021)). Petitioner also equated the members' residency with their citizenship. *Id.* (citing *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S.

30, 48 (1989); *Whitelock*, 460 F.2d at 514).

In its response to the order to show cause, petitioner states that, "based on statements made by [r]espondent in the New York Litigation, [p]etitioner can affirmatively state that [respondent] has two members: Julianne Kennedy and Malcom Weems." Docket No. 10 at 3. Petitioner cites to an "Affirmation in Support of Defendants' Rule 12(b)(6) Motion to Dismiss Plaintiff's Complaint and Transfer Matter to Arbitration." *Id.* (citing Docket No. 10-2 at 1). In that document, Ms. Kennedy and Mr. Weems affirm that,

> On April 15, 2020, [p]laintiff MPG Endeavors, Inc. . . . entered into a written 'Independent Agents Agreement' . . . with [d]efendants Julianne Kennedy . . . and Malcolm Weems . . . as members of Tygris Medical, LLC.

Docket No. 10-2 at 1, ¶ 2. This affirmation, however, does not establish that Ms. Kennedy and Mr. Weems are the only two members of respondent. *See DIRC Homes, LLC v. Townhomes on Conejos, LLC*, 21-CV-00663-PAB-SKC, 2021 WL 2283815, at *2 (D. Colo. June 3, 2021) (finding citizenship allegations of LLC insufficient where "there is no proof that Martines and Palmeiro . . . were the only two members at the time of removal").

Because the allegations regarding respondent's citizenship are not well-pled, the Court is unable to determine the citizenship of respondent and whether the Court has jurisdiction. *See United States ex rel. General Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1495 (10th Cir. 1995) ("The party seeking the exercise of jurisdiction in his favor must allege in his pleading the facts essential to show jurisdiction." (quotations omitted)). It is therefore

**ORDERED** that, on or before **December 9, 2021**, petitioner shall show cause why this case should not be remanded to state court due to the Court's lack of subject matter jurisdiction.

DATED December 2, 2021.

                                              BY THE COURT:

                                              /s/ Philip A. Brimmer
                                            PHILIP A. BRIMMER
                                            Chief United States District Judge